IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY, as subrogee of Mary E. Larason and Matthew D. Larason,<br><br>    Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>    Defendant. | C/A: 2:23-cv-1458-DCN |

## COMPLAINT

COMES NOW the Plaintiff, Universal North America Insurance Company, as subrogee of Mary E. Larason and Matthew D. Larason, by and through its undersigned counsel, and respectfully alleges and shows the Court as follows:

## PARTIES

1.  Plaintiff Universal North America Insurance Company ("Universal") is an approved insurer in the State of South Carolina with its principal place of business in Florida. Universal provided insurance coverage to Mary E. Larason and Matthew D. Larason (the "Larasons") against losses arising from certain hazards to their real and personal property. This insurance covered property located at 411 Forest Hills Road, Summerville, South Carolina 29486 (the "Home"). The insurance was provided and issued under Universal policy number CSVH0000027759.

2.  Defendant Whirlpool Corporation ("Whirlpool") is a corporation organized and operating pursuant to the laws of the State of Delaware, with its principal place of business in Benton Harbor, Michigan. At all times relevant hereto, Whirlpool was authorized to conduct

business, and did conduct business, in the State of South Carolina. Whirlpool is in the business of manufacturing, among other things, dish washers. Whirlpool can be served through its registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(1) in that this action is between citizens of different states, and in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 ($75,000.00) Dollars, exclusive of interest and costs. Venue is proper in this Court in that the alleged incident which gives rise to this action occurred in Berkeley County, South Carolina, which lies in the Charleston Division.

## FACTUAL ALLEGATIONS

4. At all times relevant hereto, the Larasons owned the Home.

5. Prior to April 26, 2020 a Whirlpool brand dishwasher, Model WDG510 PAYSA, Serial No. F42826554 (the "Dishwasher") was installed at the Home.

6. Upon information and belief, Whirlpool marketed, distributed, and sold the dishwasher, and purposefully injected its product into the stream of commerce without indicating it desired to limit the area of distribution of its product so as to exclude South Carolina.

7. On or about April 26, 2020, the Dishwasher's electrical panel failed, causing a fire to ensue, causing extensive damage to the Home.

8. As a result of the fire incident, the Larasons incurred damages to their real and personal property in the amount of $176,066.53.

9. Universal reimbursed the Larasons for damages sustained as a result of the fire in the amount of $175,066.53.

10. By virtue of its payments, Universal is subrogated to the Larasons' right of recovery against any third party, including Whirlpool.

## COUNT I
### *STRICT LIABILITY*

11. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 as if fully restated herein.

12. Whirlpool had a duty to design, manufacture, produce, assemble, market, distribute and sell a dishwasher that was not defective and would not cause harm to consumers of the dishwasher.

13. Whirlpool breached these duties by:

   a. Designing, manufacturing, producing, assembling, marketing, distributing, labeling, and selling a dishwasher in a defective condition unreasonably dangerous to the Home;

   b. Placing into the stream of commerce a dishwasher that was in a defective condition and unreasonably dangerous to the user or consumer or his property in that the dishwasher contained a defect which resulted in the failure of the electrical circuity causing a fire to ensue. The dishwasher was installed in the Home without substantial change in the condition in which it was sold;

   c. Failing to conduct reasonable inspection and tests of the dishwasher at issue, so as to discover the defective and unreasonably dangerous condition that caused a fire hazard for consumers of the dishwasher;

   d. Failing to notify, report, and/or warn consumers of the dishwasher that a defective condition in the dishwasher could result in a failure of the electrical circuitry and subsequent fire hazard;

   e. Failing to design, manufacture, assemble, distribute, market, label, and sell a dishwasher that was safe for the use for which it was intended; and

   f. Failing to use due care in other ways that may be disclosed or determined through discovery.

14. As a direct and proximate result of Whirlpool's defective product, the Larasons

3

suffered the damages described herein, which damages were reimbursed by Universal.

## COUNT II
### *NEGLIGENCE*

15. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 as if fully restated herein.

16. Whirlpool had a duty to exercise due care in designing, manufacturing, producing, assembling, marketing, distributing, and selling the dishwasher so as to not cause harm to consumers of the dishwasher, including the Larasons.

17. Whirlpool breached these duties by its negligent acts and omissions, which include, but are not limited to:

  a. Designing, manufacturing, producing, assembling, marketing, distributing, and selling a dishwasher in a defective condition unreasonably dangerous to the Home, which Whirlpool knew, or in the exercise of reasonable care should have known, would constitute a hazard and subject the Larasons and other consumers to an unreasonable risk of harm;

  b. Negligently placing into the stream of commerce a dishwasher in a defective condition and unreasonably dangerous to the user or consumer or their property in that this dishwasher contained a defect with resulted in the failure of the electrical circuitry causing a fire to ensue. The dishwasher was installed in the Home without substantial change in the condition in which it was sold;

  c. Negligently failing to conduct reasonable inspections and tests of the dishwasher at issue so as to discover the defective and unreasonably dangerous condition that caused a fire hazard for consumers of this dishwasher;

  d. Negligently and carelessly failing to notify, report, and/or warn consumers that the defective condition in the dishwasher could cause a fire hazard;

  e. Failing to design, manufacture, label, and sell a dishwasher that was reasonably safe for the use in which it was intended; and

  f. Failing to use due care in other ways that may be disclosed or determined through discovery.

4

18. As a direct and proximate result of Whirlpool's negligence, the Larasons suffered the damages described herein, which damages were reimbursed by Universal.

## COUNT III
### *BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY*

19. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 as if fully restated herein.

20. The dishwasher was installed in the Home without substantial change in the condition in which it was sold.

21. Whirlpool breached its implied warranty of merchantability to the Larasons in that:

   a. The dishwasher was designed, manufactured, produced, assembled, marketed, distributed, and sold by Whirlpool in a defective condition unreasonably dangerous to Larason's property;

   b. The dishwasher was not fit for the ordinary purposes for which a dishwasher is used;

   c. The dishwasher did not pass without objection in the trade or industry in which it was introduced;

   d. The dishwasher was not merchantable as defined under South Carolina law;

   e. The dishwasher contained a defect at the time of sale that allowed the failure of the electrical circuitry and subsequent fire to ensue; and

   f. It breached its implied warranty of merchantability in other ways that may be disclosed or determined through discovery.

22. As a direct and proximate result of the breach of implied warranty of merchantability by Whirlpool, the Larasons suffered the damages described herein, which damages were reimbursed by Universal.

WHEREFORE, the Plaintiff prays the Court:

1. Order the Plaintiff have and recover from the Defendant damages in an amount of $175,066.53, interest as allowed by law, and the costs of this action, including attorneys' fees;

2. Order such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of April, 2023.

                          BUTLER WEIHMULLER KATZ CRAIG LLP

                          s/ Zachary M. Jett
                          Zachary M. Jett, Esq.  SC Federal ID 12102
                          11605 N. Community House Road, Suite 150
                          Charlotte, North Carolina  28277
                          Telephone: (704) 543-2321
                          Facsimile:  (704) 543-2324
                          Email:  zjett@butler.legal
                          *Attorney for Plaintiff*